[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant father and non-custodial parent moves for Modification of Judgment dated December 2, 1994.
The court finds that the marriage of the parties was dissolved on April 26, 1994 at an uncontested hearing. By agreement of the parties the defendant would pay support of $250.00 per week with a further item of support the plaintiff and minor child would live in the jointly owned premises rent free.
At the time of the dissolution the defendant was employed in two jobs. The second, or part-time employment, required to the defendant to have a driver's license. Subsequent to the dissolution continuing to the present, the defendant was unable to continue with the second job because of the loss of his driver's license because of a conviction for driving under the influence of alcohol or drugs. He suffered a substantial reduction in his income.
The issue presented is whether the defendant's reduction in income resulting from the conviction for driving under the influence should be a sufficient basis for modification of a support order?
The court finds that it is in this case. The defendant worked a full job and took on an additional job. In the orders entered at the time of the dissolution his income from both jobs was considered and a support order was based upon both job incomes. That he now has only his full time job with CT Page 7974 a resulting reduction in income is not a reason for the court to order him to go out and get another part-time job to increase his income to the prior level. That he was more energetic than the average person and worked at two employments is no reason for the court to order that he continue at such employment.
It has been long-time public policy to limit the number of hours a person should work per week. To enforce this policy, the legislatures, Federal State, required employers to pay a premium of time and one-half to an employee when required to work over 40 hours per week. The court in the present instance would be ignoring this constructive public policy statement by failing to modify the defendant's support responsibilities to comport with his full time salary.
Therefore, the court finds there is a substantial change in the financial circumstances of the defendant and modifies his support orders to $134.00 per week as determined through the support guidelines.
The further support order provided in the Decree of Dissolution that the custodial ". . . parent and minor child may continue to live in the jointly owned premises rent free . . ." is to continue in effect.
JULIUS J. KREMSKI STATE TRIAL REFEREE CT Page 7975